F. Jay Rahimi (SBN: 305286)
jay@jrahimilaw.com
**The Law Offices of F. Jay Rahimi**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Office Number:         (818) 835-4005
Facsimile:             (866) 543-4345

Sara F. Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:         (619) 233-7770
Office Fax Number:     (619) 297-1022

Attorneys for Daniela Claveria  and Marie Claveria

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Daniela Claveria** and **Marie Claveria**, <br><br> Plaintiffs, <br><br> v. <br><br> **Southern Arc Trust** and **Gordon & Wong Law Group, P.C.**, <br><br> Defendants. | Case No: _____ <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** |

**Introduction**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Daniela Claveria and Marie Claveria (collectively, "Plaintiffs") through Plaintiffs' attorneys, bring this action to challenge the actions of Southern Arc Trust ("Southern Arc") and Gordon & Wong Law Group, P.C. ("Gordon & Wong") (collectively, "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs' damages.

/ / /

/ / /

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, when Defendants sued Plaintiffs in the Superior Court of California County of Los Angeles, *Southern Arc Trust v. Daniela Claveria and Marie Claveria*, Case No. 16A15274, Plaintiff Marie was

physically located in the City of Brandon, State of Florida and Plaintiff Daniela Claveria was physically located in the City of Los Angeles.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in the city of Los Angeles, specifically, Defendants filing the lawsuit *Southern Arc Trust v. Daniel Claveria and Marie Claveria*, Case No. 16A15274 in Los Angeles County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Southern Arc conducted business within the State of California.

15. At all times relevant, Gordon & Wong conducted business within the State of California.

### Parties

16. Plaintiff Daniela Claveria is a natural person who currently resides in the City of Los Angeles, Los Angeles County, State of California.

17. Plaintiff Marie Claveria is a natural person who currently resides in the City Riverview, Hillsborough County, State of Florida.

18. Southern Arc is located in the city of Wilmington, in the State of Delaware.

19. Gordon & Wong is located in the city of Walnut Creek, Contra Costa County, State of California.

20. Each Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

21. Gordon & Wong is a debt collector who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Each Plaintiff is a natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and

owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

23. Gordon & Wong, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a Debt Collector as that term is defined by California Civil Code § 1788.2(c).

24. Southern Arc, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a Debt Collector as that term is defined by California Civil Code § 1788.2(c).

25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

26. Sometime before September 21, 2016, each Plaintiff is alleged to have incurred certain financial obligations to Defendant Southern Arc.

27. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

28. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

29. Defendant Southern Arc alleges that sometime thereafter, but before July of 2011, Plaintiffs fell behind on the payments allegedly owed on the alleged debt.

30. As it is irrelevant to this action, Plaintiffs currently take no position as to the validity of this alleged debt.

31. Subsequently, but before September 21, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Gordon & Wong a law firm devoted to collecting debts.

32. Gordon & Wong is a law firm and debt collector under the FDCPA and California's Rosenthal Act.

33. Southern Arc is a Delaware Statutory Trust and debt collector under the FDCPA and California's Rosenthal Act.

34. On or about September 21, 2016, five years and two months after Plaintiffs made the last payment on this alleged debt, Gordon & Wong, acting on behalf of Southern Arc, filed a collections lawsuit against Plaintiffs in the Superior Court of California, Los Angeles County, Case No. 16A15274 ("the lawsuit").

35. Subsequently, on or about September 28, 2016, Plaintiffs were served with the lawsuit.

36. During the course of litigation, Plaintiffs received documents from Defendants evidencing that the date of last payment as July of 2011.

37. Consequently, Defendants knew they were suing Plaintiff outside of California's four year statute of limitations on this action, as despite their own documents showing date of last payment as July 2011, Defendants filed a time-barred lawsuit against Plaintiffs.

38. An action upon any contract, obligation or liability founded upon an instrument in writing must be commenced within four years. *Cal. Code Civ. Proc.* § 337.

39. Through this conduct Defendants filed a time-barred lawsuit against Plaintiffs, an action that was false, deceptive, or misleading representations or means in connection with the collection of a debt. Thus, Defendants Gordon

& Wong and Southern Arc violated 15 U.S.C. § 1692e(2)(A), as well as 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. Through this conduct of knowingly filing a time-barred lawsuit, Defendant Gordon & Wong, acting on behalf of Southern Arc, threatened to take an action that cannot legally be taken or that is not intended to be taken. Thus, Defendant Gordon & Wong and Southern Arc violated 15 U.S.C. § 1692e(5).

41. Through this conduct of knowingly filing a time-barred lawsuit, Defendant Gordon & Wong, acting on behalf of Southern Arc, used unfair or unconscionable means to collect or attempt to collect any debt. Thus, Defendant Gordon & Wong violated 15 U.S.C. § 1692f.

42. The purpose of filing a lawsuit outside the statute of limitations was a desire on the part of Defendants to, hopefully, obtain a default judgment against Plaintiffs as most lawsuits of this type end in default judgment as consumers can rarely afford to retain legal counsel, and thereafter, default in the action.

43. "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt." *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176; s*ee also Martinez v. Albuquerque Collection Services*, 867 F.Supp. 1495, 1506 (D. N.M. 1994) ("A collection agency's attempts to collect on time-barred accounts violate the FDCPA."); *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 393 (D.Del. 1991) ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."). *See also Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987); *Thompson v. D.A.N. Joint Venture III, L.P.*, 2007 U.S. Dist. LEXIS 41398, 2007 WL 1625926 (M.D. Ala.).

44. Because this conduct violated the FDCPA, Gordon & Wong and Southern Arc also violated Cal. Civ. Code § 1788.17 as it incorporates the FDCPA.

45. As a result of Defendants' illegal conduct, Plaintiffs have incurred significant damages, including actual damages in the form of attorneys' fees and costs, and mental stress of being forced to defend a baseless action.

## Causes of Action

## Count I

## Fair Debt Collection Practices Act (FDCPA)

## 15 U.S.C. §§ 1692 et seq.

## As to Defendants Gordon & Wong and Southern Arc

46. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
48. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant, jointly and severally.

## Count II

## Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

## Cal. Civ. Code §§ 1788-1788.32

## As to Defendants Gordon & Wong and Southern Arc

49. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
50. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.
51. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every Defendant, jointly and severally.

### Prayer For Relief

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants Gordon & Wong and Southern Arc, and Plaintiffs be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### Trial by Jury

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**The Law Offices of F. Jay Rahimi**

Date: March 27, 2017        By: s/ F. Jay Rahimi
                                F. Jay Rahimi
                                Attorneys for Plaintiffs